

# NUMBER 13-25-00670-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE MATTER OF MARRIAGE OF MELISSA RAMIREZ AND SILVESTRE FERMIN TORRES AND IN THE INTEREST OF R.S.T. AND A.D.T, CHILDREN

---

## ON APPEAL FROM THE 332ND DISTRICT COURT OF HIDALGO COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Justice Peña**

On July 16, 2025, appellant Melissa Ramirez filed a statement of inability to afford payment of court costs in the trial court. *See* TEX. R. CIV. P. 145(b). At a status conference hearing held on November 6, 2025, the trial court orally ordered the parties to attend mediation and split the costs. On November 17, 2025, appellant filed an objection to the trial court's order pursuant to Texas Rule of Civil Procedure 145. *See id.* R. 145. On December 8, 2025, the trial court signed an order overruling appellant's objection and

reaffirming that each party pay 50% of the mediation costs. Appellant filed a notice of appeal on December 11, 2025, and timely filed a motion in this Court on December 18, 2025, challenging the trial court's order pursuant to Texas Rule of Civil Procedure 145(g)(1). *See id.* R. 145(g)(1).

"Access to the civil justice system cannot be denied because a person cannot afford to pay court costs." *Id.* R. 145, cmt. to 2016 change. Rule 145 requires a party who cannot afford court costs to file a sworn statement containing the same information. *Id.* R. 145(b). When a statement has been filed, the declarant "must not be ordered to pay costs unless" the declarant receives notice and an evidentiary hearing on the ability to pay, and the trial court issues an order supported by detailed findings that the declarant can pay costs. *Id.* R. 145(f)(1), (2). A declarant may challenge a trial court order finding that they can pay costs by "motion filed in the court of appeals with jurisdiction over an appeal from the judgment in the case" within ten days the order is signed. *Id.* R. 145(g)(1), (2).

While Rule 145 authorizes a declarant to challenge an order requiring the party to pay costs, the order must be issued "under *this rule.*" *Id.* R. 145(g)(1) (emphasis added). Thus, "unless and until an order in compliance with subsection (f) has been signed, this Court cannot review the merits of the trial court's decision to require [an appellant] to pay costs." *Tello v. Off. of Att'y Gen., Child-Support Div.*, No. 03-22-00668-CV, 2022 WL 17490997, at *2 (Tex. App.—Austin Dec. 8, 2022, no pet.) (mem. op.) (citations omitted); *see Rahut v. City of Killeen*, No. 03-25-00303-CV, 2025 WL 1698732, at *1 (Tex. App.—Austin June 18, 2025, no pet.) (mem. op.); *In re M.L.M.*, No. 04-23-00338-CV2023, 2023 WL 4921856, at *2 (Tex. App.—San Antonio Aug. 2, 2023, no pet.) (per curiam) (mem.

op.); *In re V.I.P.M.*, No. 05-23-00577-CV, 2023 WL 4881393, at *1 (Tex. App.—Dallas Aug. 1, 2023, no pet.) (mem. op.) (explaining an order to pay fees for an amicus attorney appointed pursuant to the family code is not reviewable under Rule 145(g)(1) because it was not issued "under this rule"). Based on the motion and documents attached thereto, it does not appear that the trial court conducted a hearing or issued an order pursuant to the requirements and procedures in subsection (f) when ordering appellant to pay mediation costs. *See id.* R. 145(f). Without an order complying with subsection (f), we are unable to exercise appellate review. *See Tello*, 2022 WL 17490997, at *2.

Accordingly, we dismiss this cause for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We further dismiss all pending motions as moot. We do not address whether mandamus relief may be appropriate because the issue is not before us, and our dismissal of appellant's appeal does not preclude appellant from pursuing mandamus relief by a separate original proceeding.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
29th day of January, 2026.

3